UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE:<br><br>MISTY DAWN JOHNSON,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CHAPTER 7<br><br>CASE NO. 06-62193<br><br>JUDGE RUSS KENDIG<br><br>**MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

      This matter is before the court on Debtor's Application for Waiver of the Chapter 7 Filing Fee (hereinafter "Application") filed on October 31, 2006. On November 6, 2006, the court entered an order requesting Debtor file additional documentation to allow the court to fully assess her current financial condition. Debtor complied with the order and submitted the requested documents on December 7, 2006.

      Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. section 1930(f), a "bankruptcy court may waive the filing fee…if the court determines that such individual has less than 150 percent of the income official poverty line…applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and waiver must be premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

      The court will first determine whether Debtor's income is 150 percent of the poverty level. On Schedule I, Debtor indicates she has two children, ages 6 and 10. Therefore, the court will utilize the calculations based on a family size of three. According to the Department of Health and Human Services 2007 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/07poverty.shtml, the poverty income for a family of three is $17,170. At 150 percent of poverty, the poverty income is $25,755 annually or $2,146.25 per month.

      Form B22A (the "means test") indicates Debtor's Annualized Current Monthly Income is $7,440 which is based on a monthly gross income of $620. The same monthly income is listed

1

on Schedule I. Schedule I indicates that Debtor is not working. Her income includes $620 of child support. Debtor filed a sworn affidavit stating that she was not required to file a 2005 tax return because she had no wages to report. Clearly, these figures indicate that Debtor is below the 150% poverty threshold and therefore Debtor has met the first prong of the test.

Upon review of Debtor's Schedule J, the court concludes that Debtor is not able to pay the filing fee in installments. Debtor lists her total monthly expenses at $785, $165 less than her monthly income of $620. Debtor's budget does not contain an itemization for cable. While there are itemizations for cell phone, recreation expenses, and hair care, if the court considers the total of these items ($105), Debtor's income is still $60 less than her monthly expenses. The remainder of Debtor's expenses is reasonable, if not low. Therefore, Debtor has demonstrated an inability to pay the filing fee in installments and has met the second prong of the analysis.

Having found that Debtor earns less than 150% of poverty and does not have the ability to pay the filing fee in installments, the court hereby **GRANTS** Debtor's application to waive the filing fee.

An order in accordance with this decision shall be issued immediately.

FEB - 8 2007

/s/ Russ Kendig

Judge Russ Kendig
U.S. Bankruptcy Judge

2

## Service List

Misty D. Johnson
12920 Sunshine Circle, N.W.
Massillon, OH  44647

Michael V. Demczyk
P.O. Box 867
12370 Cleveland Ave., N.W.
Uniontown, OH  44685

Wayne Sarna
Community Legal Aid Services, Inc.
11 Federal Plaza Central
Metropolitan Tower, 7th Floor
Youngstown, OH  44503